IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH L. DUNN OIL AND GAS, )
    Plaintiff, )
     )
    vs. ) Civil Action No. 10-1364
     )
R.L. WHARTON ENTERPRISES, LTD., )
    Defendant. )

MEMORANDUM OPINION

Plaintiff, Joseph L. Dunn Oil and Gas, initiated this lawsuit against Defendant, R.L. Wharton Enterprises, Ltd., by filing a complaint in the Court of Common Pleas of Greene County, Pennsylvania on March 2, 2009. On October 15, 2010, Defendant filed a notice of removal.

Presently before this Court for disposition is a motion for remand, brought by the Plaintiff. For the reasons that follow, Plaintiff's motion for remand will be granted and the case will be remanded to the Court of Common Pleas of Greene County, Pennsylvania.

Facts

Beginning in June 2008, Plaintiff (Dunn) contracted with Defendant (Wharton) to perform certain oil and gas well maintenance activities on a well located in Richhill Township, Greene County, Pennsylvania. Dunn states that it was an oral contract wherein Wharton was contracted with to place the well back into production." (Second Am. Compl. ¶ 3.)[1] Dunn alleges that, as a result of the negligent conduct of Wharton's employees, on or about July 3,

---

[1] Def.'s Exs. Support Resp. Motion to Remand (ECF No. 13) Ex. J.

2008, certain tools or equipment were dropped into the well. (Compl. ¶ 4; Am. Compl. ¶ 4.)[2]

Dunn further alleges that:

> As a result of this negligent conduct, the Plaintiff suffered damages which included the expense of fishing out the tools or equipment and the loss of any benefit from the sums of money paid on account to Defendant for the work it was to perform. Defendant never completed the work contracted and the Well remains inoperable.

(Second Am. Compl. ¶ 5.)

Procedural History

Dunn initiated this action by filing a complaint in the Court of Common Pleas of Greene County, Pennsylvania on March 2, 2009 at No. 2009-262. The complaint alleged that Wharton negligently failed to complete its work on the well and sought damages in an amount in excess of $82,000.00. On March 23, 2009, Wharton filed preliminary objections in which it raised the fact that the complaint failed to state Dunn's standing to assert a claim for lost revenue.[3]

Dunn responded to the preliminary objections with an Amended Complaint, filed on June 12, 2009. The Amended Complaint also sought damages in excess of $82,000.00. On July 24, 2009, Wharton filed preliminary objections to the Amended Complaint, in which it challenged an allegation that oil and gas rights had been assigned to Dunn and submitted a Lease Title Abstract demonstrating that title to the property and oil and gas rights were vested in persons other than Dunn.[4] On September 15, 2009, Judge William Nalitz sustained the preliminary objections and

---

[2] ECF No. 11 Ex. A; ECF No. 12 Ex. E. This allegation was apparently inadvertently omitted from the Second Amended Complaint, which skips from paragraph 3 to paragraph 5.
[3] ECF No. 11 Ex. B.
[4] ECF No. 12 Ex. F.

ordered Dunn to file a Second Amended Complaint within 20 days.[5]

Dunn filed a Second Amended Complaint on September 18, 2009. The Second Amended Complaint alleged damages in excess of $150,182.61, including $83,395.61 in "improper charges by Defendant arising from the damages caused by Defendant." (Second. Am. Compl. ¶ 5(e).) On October 13, 2009, Wharton filed preliminary objections to the Second Amended Complaint, asserting, inter alia, that Dunn had no legally cognizable claim against Wharton for the $83,395.61 that it owed to Wharton.[6] On December 11, 2009, Judge Nalitz sustained the preliminary objections in part and struck paragraph 5(e) from the Second Amended Complaint.[7] As a result, the amount of damages asserted was reduced to $66,787.00.

On January 8, 2010, Wharton filed an Answer and New Matter,[8] to which Dunn responded on March 17, 2010.[9] On May 25, 2010, Wharton took the deposition of Joseph L. Dunn, who does business as Joseph L. Dunn Oil and Gas.[10] On July 23, 2010, Wharton filed a Motion for Partial Summary Judgment, in which it asserted that Dunn could not recover the sum of $48,921.50 that it paid to Wharton prior to the incident on July 3, 2008 in which Wharton's employees allegedly dropped certain tools or equipment into the well.[11] Dunn filed a response to this motion on August 26, 2010.[12] On September 14, 2010, Judge Nalitz entered an order

---

[5] ECF No. 12 Ex. I.
[6] ECF No. 13 Ex. K.
[7] ECF No. 13 Ex. N.
[8] ECF No. 14 Ex. O.
[9] ECF No. 14 Ex. P.
[10] ECF No. 14 Ex. Q.
[11] ECF No. 14 Exs. R, S.
[12] ECF No. 15 Exs. U, V.

denying Wharton's motion.[13]

On September 24, 2010, Wharton filed a complaint in this Court against Dunn, which was docketed at Civil Action No. 10-1267. The complaint invokes the Court's diversity jurisdiction, in that Wharton is a West Virginia resident, Dunn is a Pennsylvania resident and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. In the complaint, Wharton alleges that Dunn has refused to pay some of the invoices relating to Wharton's work on the well and it seeks (under theories of breach of contract and unjust enrichment) damages of $113,396.76, plus standard finance charges since July 1, 2010, costs and other just and proper relief.[14] On November 19, 2010, Dunn filed a motion to dismiss, arguing that: 1) the claims should have been asserted as compulsory counterclaims to the state court action; and 2) the Court should abstain from exercising jurisdiction pursuant to Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).[15] Wharton filed a brief in opposition on January 3, 2011[16] and the Court denied the motion by memorandum opinion and order dated January 18, 2011.[17] Dunn subsequently filed an answer and a case management conference was held on March 24, 2011.

Meanwhile, on October 15, 2010, Wharton filed a notice of removal in this case, in which it asserts that this case is properly removable to federal court on the basis that the claims form "part of the same case or controversy" as Civil Action No. 10-1267.[18] On November 1, 2010,

---

[13] ECF No. 15 Ex. W.
[14] ECF No. 15 Ex. X.
[15] ECF No. 16 Exs. Y, Z.
[16] ECF No. 16 Ex. AA.
[17] ECF No. 16 Ex. BB.
[18] ECF No. 1.

4

Dunn filed the motion under consideration herein, a motion to remand pursuant to 28 U.S.C. § 1447(c). It argues that: 1) Wharton did not file a notice of removal within 30 days of receipt of the complaint or even within a year of the date the case was filed and therefore removal was untimely; 2) by litigating the action in state court for a year, Wharton waived its right to remove; and 3) the case is not removable based on the supplemental jurisdiction statute because there is no basis for original federal jurisdiction.[19]

Wharton responds that: 1) it timely filed a notice of removal within 30 days of the filing of Civil Action No. 10-1267, which gave it notice that these claims were related; 2) litigating the case in state court does not prevent it from removing the case to federal court because it occurred prior to the filing of Civil Action No. 10-1267; and 3) the case is removable based on the supplemental jurisdiction statute.

<u>Removal and Remand</u>

Dunn's remand motion is brought pursuant to 28 U.S.C. § 1447(c), which provides that: "A motion to remand the case on the basis of any defect other than lack of jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The Court of Appeals for the Third Circuit has held that procedural defects must be raised by motion within 30 days of the filing of the notice of removal and may not be raised by a court sua sponte. <u>Ariel Land Owners, Inc. v. Dring</u>, 351 F.3d 611, 613 (3d Cir. 2003) (citations omitted). Dunn filed its motion on November 1, 2010, within 30 days of the date Wharton filed its notice of removal on October 15, 2010. Therefore, the motion was timely and the Court turns to the merits of the

---

[19] Because Plaintiff's first argument is availing, the Court need not address the waiver argument.

motion to remand.

Wharton removed this action pursuant to 28 U.S.C. § 1441, which states that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

28 U.S.C. § 1441(a). The Supreme Court has held that: "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress. These statutory procedures for removal are to be strictly construed." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 33 (2002) (citations omitted). The Court of Appeals for the Third Circuit has held that "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel-Bassett v. Kia Motors of America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted). Thus, Wharton bears the burden of demonstrating that the removal of this action was proper in all respects, including the procedural process.

Timing of Removal

The statute providing for the procedure for removal states that:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

> removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). "The second paragraph applies only if the initial pleading does not set forth the grounds for removal." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).

In this case, the complaint, filed on March 2, 2009, indicated that Dunn was a Pennsylvania resident and that Wharton was a West Virginia resident, and it sought damages in excess of $82,000. Dunn argues that this information was sufficient to put Wharton on notice that it could remove the action to federal court, as it indicated the existence of diversity of citizenship and an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Dunn is correct. "The general rule is to decide the amount in controversy from the complaint itself." Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993) (citation omitted).

Wharton responds that it filed preliminary objections to the complaint on the ground that Dunn had failed to plead any ownership interest in or contractual right to oil and gas revenues from the well. It suggests that it could not contend "to a legal certainty" that the complaint was alleging an amount in excess of the jurisdictional amount while it was challenging Dunn's right to obtain any oil and gas revenues. But the removal statute does not require a defendant to wait until it is satisfied that a plaintiff is entitled to relief or to relief in a certain amount. Presumably, most defendants would argue that they never arrive at this conclusion. Rather, the statute requires only that a defendant be put on notice of its right to remove. That right accrued on the date Wharton received a copy of the complaint filed on March 2, 2009 and expired thirty days thereafter.

This argument is also flawed because Wharton is not contending that it became aware at some later time that this action was removable based on diversity of citizenship. Indeed, it could not make this argument, because its preliminary objections to the Second Amended Complaint resulted in the damages being reduced to $66,787.00, an amount below the jurisdictional minimum.

Wharton's primary argument is that its basis for removal is that Dunn's claim would have fallen within this Court's ancillary jurisdiction had it been presented as a counterclaim in Civil Action No. 10-1267 and that it filed its notice of removal within 30 days of the filing of that case on September 24, 2010. However, it cites no authority in support of this remarkable assertion, which fails for two fundamental reasons.

First, the statute clearly states that a defendant may remove a case to federal court when it is put on notice, by some paper it receives from the plaintiff, that the case is removable because a federal court would have original jurisdiction over it. Wharton is arguing (without explicitly stating) that <u>Wharton's</u> filing of Civil Action No. 10-1267 put <u>Wharton</u> on notice that it could remove this case from the Court of Common Pleas and contend that it was the equivalent of a counterclaim to that action. This is nonsensical. Wharton cannot remove a case based on some action that it took. See <u>Eleby v. Steigerwald</u>, 2010 WL 1838680, at *3 (E.D. Pa. Apr. 30, 2010) (the defendant must be the recipient, not the issuer, of the document triggering the notice of removal).

Second, § 1441(a) explicitly requires that the removed action be one "of which the district courts of the United States have original jurisdiction." By citing to this Court's "ancillary" jurisdiction, Wharton invokes a basis for removal that does that not exist. "Removal is governed

8

by statute, and invocation of ancillary jurisdiction … does not dispense with the need for compliance with statutory requirements." Syngenta, 537 U.S. at 34. The Supreme Court held further that: "a court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims. Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441." Id. (citing Peacock v. Thomas, 516 U.S. 349, 355 (1996)).

Judge Lenihan recently addressed the factual situation presented here, in which a defendant attempted to argue that its recently filed federal case provided the means for removal of a related case from state court under the supplemental jurisdiction statute, 28 U.S.C. § 1367, so that the matters could be consolidated. Noting that the defendants had "put the proverbial cart before the horse," she stated:

> Under 28 U.S.C. § 1367(a), a federal court may, in its discretion, exercise supplemental jurisdiction over state law claims that are so related to the claims over which the federal court has original jurisdiction. However, those state law claims must be contained in the same action as the federal claim. 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (emphasis added)); see also In Re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995) (noting that § 1367(a) distinguishes between actions and claims); Charles A. Wright et al., 14B Federal Practice & Procedure Juris. § 3722 (4th ed.). It is well established that supplemental jurisdiction over state law claims does not provide an independent basis for removal jurisdiction. Ditullio v. Universal Underwriters Ins. Co., Civ. A. No. 03-0239, 2003 WL 21973324, *5 (E.D. Pa. June 6, 2003).

Moe G. Enters., LLC v. Fontana, 2011 WL 98553, at *4 (W.D. Pa. Jan. 12, 2011) (Lenihan, M.J.) (some citations omitted).

Wharton cites Exxon Mobile Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005). In

9

that case, the Supreme Court held that the supplemental jurisdiction statute, 28 U.S.C. § 1367, permits the exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy the minimum amount in controversy requirement, so long as other elements of diversity are present and at least one named plaintiff satisfies the amount in controversy requirement. That principal has no application here, because there is only one plaintiff and one defendant. The Supreme Court did not hold that a defendant may remove a case on the basis that the claims therein could have been asserted as counterclaims to a different case already filed in federal court.[20] On the contrary, courts have specifically held that "[a]n already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action." Tabas. 879 F. Supp. at 467. Therefore, Dunn's motion to remand will be granted.

Costs and Expenses

Section 1447 provides that: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Dunn states that it spent 5.5 hours of legal work in review, research and drafting of the motion to remand and an additional 8.75 hours in drafting the brief in support and it seeks the sum of $3,562.50 in reimbursement. Wharton responds that an award of fees is inappropriate because removal was proper and Dunn's opposition to the removal of the case has caused additional expenses to be incurred.

The Supreme Court has held that, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v.

---

[20] Presumably, Dunn did not raise "counterclaims" to Wharton's complaint because it has been litigating these claims in state court for over two years.

Franklin Capital Corp., 546 U.S. 132, 141 (2005). In this case, Wharton lacked an objectively reasonable basis for removal, as it cited to "ancillary" jurisdiction and not the Court's original jurisdiction. See Moe G. Enters., 2011 WL 98553, at *7 (citing cases and concluding that when a defendant attempts to remove relying upon an objectively unreasonable basis, such as § 1367, costs are appropriate). "In awarding costs and fees under § 1447(c) when ordering remand, it is not necessary for the court to find that the removing party acted dilatorily or in bad faith." Id. (citation omitted). Because Wharton has provided no recognized argument for removal of this action and because Dunn's request for attorney fees appears reasonable, its request will be granted.

Because removal of this case was improper, it will be remanded to the Court of Common Pleas of Greene County, Pennsylvania and Plaintiff's request for attorney fees incurred will be granted. An appropriate order follows.

ORDER

AND NOW, this 30th day of March, 2011, for the reasons stated above,

IT IS HEREBY ORDERED that the motion to remand filed by the Plaintiff, Joseph L. Dunn Oil and Gas (Docket No. 3) is granted and this action is remanded to the Court of Common Pleas of Greene County, Pennsylvania, forthwith.

IT IS FURTHER ORDERED that the Defendant, R.L. Wharton Enterprises, Ltd., shall reimburse the Plaintiff, Joseph L. Dunn Oil and Gas, the amount of $3,562.50 in attorney fees it spent in review, research and drafting of the motion to remand and brief in support.

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge